# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **SHEILA RENEE POWELL,** | |
| Petitioner, | Case No. 7:15CV00153 |
| v. | **OPINION** |
| **AYLOR, SUPERINTENDENT,** | By: James P. Jones |
| | United States District Judge |
| Respondent. | |

*Sheila Renee Powell, Pro Se Petitioner.*

Sheila Renee Powell, a Virginia inmate proceeding pro se, has filed this action as a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Upon review of the record, I conclude that the petition must be summarily dismissed without prejudice for failure to exhaust state court remedies.

Under 28 U.S.C. § 2254(b), a federal court cannot grant a habeas petition unless petitioner has exhausted the remedies available in the courts of the state in which she was convicted. The exhaustion requirement is satisfied by seeking review of the claims in the state court system, through direct appeal or habeas corpus proceedings, and ultimately presenting the claims to the highest state court with jurisdiction to consider them. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Powell is challenging the April 2014 judgment of the Greene County Circuit Court under which she stands convicted of two counts of embezzlement and sentenced to ten years in prison, with all but two years and eleven months suspended. State court records available online indicate that Powell's direct appeal was denied by the Court of Appeals of Virginia on February 11, 2015. In her § 2254 petition, Powell alleges that her trial attorney was ineffective in various respects regarding her guilty plea and appeal.

Claims that counsel provided ineffective assistance in a Virginia criminal case must be asserted in a habeas corpus proceeding and are not cognizable on direct appeal. *See Lenz v. Commonwealth*, 544 S.E. 2d 299, 304 (Va. 2001). A Virginia inmate may seek habeas relief from the circuit court in which she was convicted, with a subsequent habeas appeal to the Supreme Court of Virginia, or she may file a habeas petition directly in the Supreme Court of Virginia.

Powell's § 2254 petition and state court records online indicate that she has not filed a state court habeas corpus petition presenting her ineffective assistance claims to the Virginia courts, as required for exhaustion under § 2254(b). Until she has given the Supreme Court of Virginia an opportunity to address these claims, she has not exhausted state court remedies. Therefore, I must dismiss her § 2254 petition without prejudice for failure to exhaust state court remedies. *See Slayton v. Smith*, 404 U.S. 53, 54 (1971) (finding that § 2254 habeas petition must be

dismissed without prejudice if petitioner has not presented the claims to the appropriate state court and could still do so).

A separate Final Order will be entered herewith.

DATED: April 23, 2015

/s/ James P. Jones
United States District Judge

-3-

Case 7:15-cv-00153-JPJ-RSB   Document 2   Filed 04/23/15   Page 3 of 3   Pageid#: 65